IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MAXIM INTEGRATED ) | Master Docket |
| PRODUCTS, INC. MDL No. 2354 ) | Misc. No. 12-244 |
| ) | |
| ) | MDL No. 2354 |
| This Document Relates to: ) | |
| ) | |
| 2:12-CV-1628; 2:12-CV-89; 2:12-CV-860; ) | |
| 2:12-CV-862; 2:12-CV-869; 2:12-CV-871; ) | |
| 2:12-CV-876; 2:12-CV-877; 2:12-CV-878; ) | |
| 2:12-CV-879; 2:12-CV-880; 2:12-CV-881; ) | |
| 2:12-CV-882; 2:12-CV-887; 2:12-CV-891; ) | |
| 2:12-CV-1538; 2:12-CV-1604; 2:12-CV-1629; ) | |
| 2:12-CV-1639; 2:12-CV-1640; 2:12-CV-1641; ) | |
| 2:12-CV-1642 ) | |

## MEMORANDUM OPINION AND ORDER

**CONTI, District Judge**

## Introduction

Pending before the court are motions to preclude indirect infringement, representativeness, and doctrine of equivalents contentions under Maxim's Local Patent Rule ("LPR") disclosures, (Misc. No. 12-244, ECF No. 525),[1] briefs in support, (ECF No. 526), and

---

[1] The present motions were filed in the following cases: Maxim Integrated Products, Inc. v. Citigroup Inc., Civil Action No. 12-1628 (ECF No. 28); The PNC Financial Services Group, Inc. v. Maxim Integrated Products, Inc., Civil Action No. 12-89 (ECF No. 72); Keycorp v. Maxim Integrated Products, Inc., Civil Action No. 12-860 (ECF No. 46); The Vanguard Group, Inc. v. Maxim Integrated Products, Inc., Civil Action No. 12-862 (ECF No. 58); Maxim Integrated Products, Inc. v. Comerica Inc., Civil Action No. 12-869 (ECF No. 76); Fidelity Brokerage Services LLC v. Maxim Integrated Products, Inc., Civil Action No. 12-871 (ECF No. 51); Maxim Integrated Products, Inc. v. First United Bank & Trust Co., Civil Action No. 12-876 (ECF No. 77); Maxim Integrated Products, Inc. v. Starbucks Corp., Civil Action No. 12-877 (ECF No. 57); Maxim Integrated Products, Inc. v. Expedia, Inc., Civil Action No. 12-878 (ECF No. 66); Maxim Integrated Products, Inc. v. Capital One Financial Corp., Civil Action No. 12-879 (ECF No. 73); Maxim Integrated Products, Inc. v. Bank of the West, Civil Action No. 12-880 (ECF No. 68); Maxim Integrated Products, Inc. v. Groupon, Inc., Civil Action No. 12-881 (ECF No. 46); Maxim Integrated Products, Inc. v. Union Bank, N.A., Civil Action No. 12-882 (ECF No. 53); Chipotle Mexican Grill, Inc. v. Maxim Integrated Products, Inc., Civil Action No. 12-887 (ECF No. 67); Maxim Integrated Products, Inc. v. QVC, Inc., Civil Action No. 12-891 (ECF No. 73); BMO Harris Bank National Association v. Maxim Integrated Products, Inc., Civil Action No. 12-1538 (ECF No. 55); Deutsche Bank AG New York Branch v. Maxim Integrated Products, Inc., Civil Action No. 12-1604 (ECF Nos. 42, 43); Maxim Integrated Products, Inc. v. Target Corporation,

voluminous exhibits in support, (ECF Nos. 537-40), filed by certain Opposing Parties (the "Moving Parties") in this multidistrict litigation. Maxim Integrated Products, Inc. ("Maxim") filed responses in opposition, (ECF No. 541), and the Moving Parties filed replies (ECF No. 543). The motions, responses and replies, although filed in separate cases, are identical. The motions being fully briefed are now ripe for disposition. Because as set forth below the motions are premature, the Moving Parties' motions will be DENIED.

**Background**

Following the initial case management conference on March 20, 2013, Maxim served infringement contentions on all Opposing Parties on March 22, 2013 pursuant to Local Patent Rule ("LPR") 3.2, which governs disclosure of asserted claims and infringement contentions. The thrust of the present motions, filed on March 28, 2013, is that Maxim's infringement contentions are deficient pursuant to LPR 3.2, and prejudice the Moving Parties to the extent that they were not given adequate notice of Maxim's infringement theories. The motions seek to preclude Maxim from relying upon allegedly undisclosed theories of indirect infringement, representativeness, and doctrine of equivalents ("DOE"), and to limit the scope of any future supplementation Maxim may attempt.

The Moving Parties spend a great deal of time addressing the asserted deficiencies in Maxim's infringement contentions. Specifically, the Moving Parties maintain that Maxim's infringement contentions fail to identify or describe each accused instrumentality, as required by LPR 3.2,[2] and fail to provide a list of all accused devices. The Moving Parties object to the use of

---

Civil Action No. 12-1629 (ECF No. 33); Maxim Integrated Products, Inc. v. Wells Fargo & Co., Civil Action No. 12-1639 (ECF No. 35); Maxim Integrated Products, Inc. v. Bank of America Corp., Civil Action No. 12-1640 (ECF No. 36); Maxim Integrated Products, Inc. v. JPMorgan Chase & Co., Civil Action No. 12-1641 (ECF No. 38); Maxim Integrated Products, Inc. v. U.S. Bancorp, Civil Action No. 12-1642 (ECF No. 28). Except as otherwise noted, all references to ECF docket numbers herein are to the master docket, No. 12-244.

[2] LPR 3.2 requires that infringement contentions contain:

2

representative sample devices because "[e]ach accused device has different hardware components and runs different operating systems, including different versions thereof." (ECF No. 526 at 7.) The Moving Parties contend that Maxim's claims of representativeness should be limited to those devices for which it provided infringement contentions because Maxim did not make an adequate showing that the examples provided are representative of the large number of allegedly infringing devices. With respect to the DOE, the Moving Parties contend that Maxim cannot rely on a blanket statement that it "believes that any element of the Asserted Claims that is not literally met . . . is likely to be met under the [DOE]." (Id. at 9.) Consequently, they ask that Maxim be precluded from asserting any DOE theory in the present cases. Finally, the Moving Parties seek preclusion of Maxim's contributory or induced infringement claims on the basis that Maxim did not offer specific contentions with respect to indirect infringement claims pursuant to 35 U.S.C. § 271(b), (c).[3]

Maxim, in responses, argues that the Moving Parties' motions are premature, coming only days after it served its infringement contentions on all Opposing Parties, and that the contentions satisfy all requirements of LPR 3.2. Because Maxim did not move to supplement its infringement contentions, it maintains that the Moving Parties seek an advisory opinion with respect to what the court would do in the event Maxim later seeks to supplement its contentions

---

      each accused apparatus, product, device, process, method, act, or other instrumentality . . . of which the party claiming infringement is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name, if known, or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process.

W.D. Pa. Loc. Pat. R. 3.2.

[3] 35 U.S.C. § 271 provides, in pertinent part:
      (b) Whoever actively induces infringement of a patent shall be liable as an infringer.
      (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(b), (c).

based upon information learned through discovery. With respect to representativeness, Maxim argues that it properly put the Moving Parties on notice of representative devices and structures that it alleges are common to all mobile devices, including memory, a math coprocessor, and a clock, which, when combined with the Moving Parties' software create an allegedly infringing device. With respect to indirect infringement, Maxim notes that this court's local patent rules do not require a party to disclose indirect infringement contentions, and points to differences between LPR 3.2 and the rules in the Northern District of California, which specifically require "a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." N.D. Cal. Loc. Pat. R. 3-2. With respect to the DOE, Maxim argues that it only alleged literal infringement, but adequately reserved its rights pursuant to LPR 3.7[4] to amend if further discovery reveals that a DOE claim is viable.

**Legal Standard**

The purpose of infringement contentions is to require a party to "crystallize its theories of the case early in the litigation." Best Med. Int'l, Inc. v. Accuray, Inc., No. 10-cv-1043, 2011 WL 3652519 at *3-4 (W.D. Pa. Aug. 19, 2011). This court's local patent rules are "designed to create a streamlined process that hastens resolution on the merits by providing structure to discovery which enables the parties to move efficiently toward claim construction and the eventual resolution of their dispute." Id. at *4 (citing Shared Memory Graphics, LLC v. Apple, Inc., 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010)).

Courts interpreting their own local patent rules have noted that "[i]nfringement contentions 'are not intended to be a forum for adjudicating the merits of the plaintiffs [sic] contentions.'" VoxPath RS, LLC v. LG Electronics U.S.A., Inc., No. 12-cv-952, 2012 WL

---

[4] LPR 3.7 provides that amendments to infringement contentions are permissible "if made in a timely fashion and asserted in good faith and without purpose of delay." W.D. Pa. Loc. Pat. R. 3.7.

5818143 at *4 (D. N.J. Nov. 14, 2012) (quoting Linex Tech., Inc. v. Belkin Int'l, Inc., 628 F. Supp. 2d 703, 712 (E.D. Tex. 2008)). Courts are hesitant to "pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions." Id. (citing STMicroelectronics, Inc. v. Motorola, Inc., 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004)). Instead, after allowing "reasonable discovery . . . [courts] will entertain the appropriate motions for supplementation or dismissal." Id.

**Discussion**

The Moving Parties are not seeking to strike Maxim's infringement contentions. The relevant issue thus is not whether Maxim's infringement contentions are sufficient under this court's local patent rules, but whether Maxim should be precluded from any future amendment or supplementation of its contentions, essentially "locking it in" to only certain theories of infringement. As Maxim indicates, the Moving Parties filed the present motions just days after the court's initial case management conference and entry of a case management order and before the Moving Parties served their own invalidity contentions. Maxim points out that the Opposing Parties proposed February 19, 2014 as the deadline for amending contentions. (ECF No. 443-1 at 6.) Until that deadline passes, the parties will continue to engage in discovery that may provide Maxim with further information, which, if appropriate, it may use to refine its infringement contentions. That action is expressly permitted by LPR 3.7. It is significant that the proposed deadline for amending infringement contentions would fall after the Markman hearing, which is currently scheduled for September 12, 2013. (ECF No. 521 at 3.) LPR 3.7 provides that "[t]he Court's ruling on claim construction may support a timely amendment or modification of the Infringement Contentions." W.D. Pa. Loc. Pat. R. 3.7. Based upon the early timing of the Moving Parties' motion, the lack of substantive discovery at this stage, and the court's desire to

avoid 'pre-trying' Maxim's infringement claims, the Moving Parties' motion is premature. If, after further discovery, Maxim seeks to supplement or amend its infringement contentions, or if the Moving Parties wish to file a motion to strike the infringement contentions, the Moving Parties may object or move as they deem appropriate.

The court's conclusion that the present motion is premature is reinforced by the decisions cited by the Moving Parties, nearly all of which relate to either a motion to strike or a motion to supplement infringement contentions. See e.g. Oracle Am., Inc. v. Google, Inc., No. C 10-03561, 2011 WL 4479305 at *1 (N.D. Cal. Sept. 26, 2011) (motion to strike filed eight months after initial infringement contentions served; the contentions had been supplemented twice at the time the motion was filed); SmartPhone Techs. LLC v. HTC Corp., No. 6:10cv580, 2012 WL 1424173 at *1 (E.D. Tex. Mar. 16, 2012) (motion for leave to supplement filed after several months of discovery and after the plaintiff received some document disclosures); Infineon Techs. AG v. Volterra Semiconductor Corp, No. C 11-6239, 2012 WL 6184394 at *1 (N.D. Cal. Dec. 11, 2012) (motion to strike infringement contentions filed after the court ordered the plaintiff to serve revised contentions); Best Med., 2011 WL 3652519, at *3 (motion to compel compliance with the local patent rules' infringement contention requirements). Not one decision cited by the Moving Parties involved the kind of relief sought in their motions, and no decision resolved a motion seeking relief within the short timeframe involved here. As noted earlier, the court's local patent rules permit amendment and require infringement contentions to be as specific as possible, given the state of discovery in the case. At this early stage, the Moving Parties' motions are premature.

The more troubling aspect of the Moving Parties' motions is that they seek essentially an advisory opinion with respect to whether Maxim's infringement contentions are sufficient under

6

LPR 3.2. Article III, section 2 of the United States Constitution prohibits courts from rendering advisory opinions on "abstract questions of law." 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, RICHARD D. FREER, JOAN E. STEINMAN, CATHERINE T. STRUVE, VIKRAM DAVID AMAR, FEDERAL PRACTICE & PROCEDURE § 3529.1 (3d ed. 2008); Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (citing Hall v. Beals, 396 U.S. 45, 48 (1969)). Courts are prohibited from issuing advisory opinions which "are based upon a hypothetical set of facts, without sufficient information to support findings." Const. Party of, Pa. v. Cortes, 712 F. Supp. 2d 387, 397-98 (E.D. Pa. 2010) (citing PSA, LLC v. Gonzales, 271 F. App'x 218, 220 (3d Cir. 2008)). Closely related to the issue of advisory opinions is the question whether a particular court action would resolve any harm alleged by the moving party. Id.; see Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 648-49 (3d Cir. 1990) (addressing the "conclusivity" prong of the ripeness test).

In the present case, the Moving Parties did not move to strike Maxim's infringement contentions, and Maxim did not move to amend or supplement its infringement contentions. Until either event occurs, any determination rendered by this court would merely opine on an abstract question—whether the contentions are sufficient or whether supplementation is appropriate—at some point in the future. Schmid, 455 U.S. at 103. The motions are premature at this time and the relief sought would amount to nothing more than an impermissible advisory opinion. For the reasons set forth above, the Moving Parties' motions will be denied. An appropriate order follows.

## **ORDER**

AND NOW, this 8th day of May, 2013, for the reasons set forth in the accompanying memorandum opinion, it is HEREBY ORDERED that the Moving Parties' Motions to Preclude

7

Indirect Infringement, Representativeness, and Doctrine of Equivalents Contentions under Maxim's Local Patent Rule Disclosures (Misc. No. 12-244 at ECF No. 525; Civil Action No. 12-1628 at ECF No. 28; Civil Action No. 12-89 at ECF No. 72; Civil Action No. 12-860 at ECF No. 46; Civil Action No. 12-862 at ECF No. 58; Civil Action No. 12-869 at ECF No. 76; Civil Action No. 12-871 ECF No. 51; Civil Action No. 12-876 at ECF No. 77; Civil Action No. 12-877 at ECF No. 57; Civil Action No. 12-878 at ECF No. 66; Civil Action No. 12-879 at ECF No. 73; Civil Action No. 12-880 at ECF No. 68; Civil Action No. 12-881 at ECF No. 46; Civil Action No. 12-882 at ECF No. 53; Civil Action No. 12-887 at ECF No. 67; Civil Action No. 12-891 at ECF No. 73; Civil Action No. 12-1538 at ECF No. 55; Civil Action No. 12-1604 at ECF Nos. 42, 43; Civil Action No. 12-1629 at ECF No. 33; Civil Action No. 12-1639 at ECF No. 35; Civil Action No. 12-1640 at ECF No. 36; Civil Action No. 12-1641 at ECF No. 38; Civil Action No. 12-1642 at ECF No. 28) are DENIED.

                                                              BY THE COURT:

                                                               /s/ Joy Flowers Conti
                                                               Joy Flowers Conti
                                                               United States District Judge